# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SON HOANG NGUYEN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THOMAS HOMAN, et al,<br><br>　　　　　Respondent. | NO.  SA CV 18-706-PA (KS)<br><br>**ORDER REQUIRING RESPONSE TO PETITION (FEDERAL CUSTODY)** |

**Please read this Order carefully.** It may differ from similar orders by other judicial officers, and even from prior iterations of this order used by this Court in other habeas corpus cases. Where this Order imposes a requirement that differs from Judge Stevenson's Procedures,[1] this Order governs.

In accordance with Local Rule 5, this case is designated for electronic filing. However, pursuant to Local Rule 5-4.2, litigants not represented by an attorney are exempt from the mandatory electronic filing requirement.

---

[1] Judge Stevenson's Procedures are available at:
http://court.cacd.uscourts.gov/cacd/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/dd4c2a94f732529688257e9700793ac7?OpenDocument

1

In order to facilitate the just, speedy, and inexpensive determination of this action, **IT IS ORDERED** that:

**1.     SERVICE.**  The Clerk shall promptly:  (a) serve electronic copies of the "Petition For Writ Of Habeas Corpus" filed in this action ("Petition") and this Order on Respondent by transmitting them to the United States Attorney for the Central District of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

**2.     CONSENT.**  The Clerk shall also serve Petitioner with a copy of the Consent to Proceed Before a United States Magistrate Judge (Form CV-11B) along with this Order. If Petitioner wishes to exercise the consent option and has not done so already, Petitioner shall file a completed Form CV-11B with the Clerk and serve Respondent with same within **28 days** of this date.  Respondent shall have until the date of the filing of the initial response to the Petition in which to exercise the consent option by filing and serving a completed Form CV-11B.  **The parties are free to withhold consent without adverse substantive consequences.**

**2.     NOTICE OF APPEARANCE.**  Within **14 days**, Respondent shall file and serve a Notice of Appearance, notifying the Court of the name of the attorney who will have principal charge of the case, together with the address where the attorney may be served, and the attorney's telephone and fax number.  This information is important to assure accurate service of court documents.

3.     **Where the Petitioner challenges a final order of removal, Respondent <u>SHALL NOT</u> remove Petitioner prior to the resolution of this action without providing reasonable notice to the Court.**

**4. MOTION TO DISMISS.** If Respondent contends that the Petition can be decided without the Court reaching the merits of Petitioner's claims (e.g., because Respondent contends that the Court lacks subject matter jurisdiction or that Petitioner has failed to exhaust administrative remedies), Respondent shall file a motion to dismiss within **45 days** of the date of this Order. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall be confined to the basis for Respondent's contention that dismissal without reaching the merits of Petitioner's claims is warranted.[2] At the time the motion to dismiss is filed, Respondent shall electronically lodge with the Court all records bearing on Respondent's contention in this regard. *See* Local Rule 5-1. The Court may issue a subsequent order for the lodging of a paper copy of a lodgment if the lodgment is not usable in its electronic format.

**5. OPPOSITION.** If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion within **30 days** of the date of service thereof. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

**6. REPLY.** Respondent may file a reply brief (titled "Respondent's Reply in Support of the Motion to Dismiss") within **14 days** of the filing date of Petitioner's opposition. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

**7. ANSWER.** If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition within **75 days** of the date of this Order. At the time the answer is

---

[2] If Respondent contends that Petitioner has failed to exhaust any administrative remedies as to any ground for relief alleged in the Petition, Respondent shall specify the administrative remedies still available to Petitioner.

3

filed, Respondents shall electronically lodge with the Court all records bearing on the merits of Petitioner's claims. See Local Rule 5-1. The Court may issue a subsequent order for the lodging of a paper copy of a lodgment if the lodgment is not usable in its electronic format. The answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.

**8. TRAVERSE.** Petitioner may file a single traverse responding to matters raised in the answer within **30 days** of the date of service thereof. Any traverse filed by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. **Grounds for relief withheld until the traverse will not be considered.**

**9. PAGE LIMITS.** Unless this Court grants leave under Local Civil Rule 11-6, the following page limits apply:
- Motion to Dismiss: 25 pages;
- Opposition to Motion to Dismiss: 25 pages;
- Reply in Support of Motion to Dismiss: 20 pages;
- Answer to the Petition: 35 pages;
- Reply in Support of the Petition: 20 pages.

**10. EXTENSIONS.** A request by a party for an extension of time within which to file any of the pleadings required hereunder will be granted only upon a showing of good cause, and should be made in advance of the due date of the pleading. Any such request shall be accompanied by a declaration explaining why an extension of time is necessary.

**11. SUBMISSION.** Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss or traverse, as the case may be, is due.

**12. CERTIFICATE OF SERVICE.** Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).

Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

**13. CHANGE OF ADDRESS.** Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. **If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action may be dismissed.**

**14. COMMUNICATION WITH COURT.** Under Local Civil Rule 83-2.5, "parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present. All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules."

DATED: April 30, 2018

*Karen L. Stevenson*
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

5