Case: 042620353                                    Habeas Corpus          Fee Due

1   Son Hoang Nguyen, A-042620353           FILED                    Detained
                                      CLERK U.S. DISTRICT COURT
2   Theo Lacy Facility, Book#3012824                                 In Pro Per
                                           APR 25 2018
3   501 City Drive South
                                      CENTRAL DISTRICT OF CALIFORNIA
4   Orange, Ca 92868                  BY            DEPUTY

5

6

7               UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                    WESTERN DIVISION

10

11

12  **Son Hoang Nguyen**, Petitioner        )   NO. SA CV 18-706-PA(KS)

13          Vs.                             )   DHS Case No. A042620353

14  **Thomas Homan**, Deputy Director and    )   Petition For a Writ of Habeas

15  Senior Official Performing Duties of the )   Corpus by a Person in Federal

16  Director, United States Immigration and  )   Custody (28 U.S.C §2241)

17  Customs Enforcement; **Kristjen Nielsen**,)  Memorandum of Points and

18  Secretary, United States Department of   )   Authorities, Exhibits.

19  Homeland Security; **Jeff Sessions**, United )  (File in Lieu of Form CV27)

20  Attorney General; **David Marin**, Field     )

21  Director, Los Angeles Field Office; **Sandra** )

22  **Hutchens**, Sheriff, Orange County, Calif., )

23  Respondents.                            )
    _____

24

                                       RECEIVED
                                CLERK.U.S. DISTRICT COURT

                                     APR 20 2018

                                CENTRAL DISTRICT OF CALIFORNIA
                                BY                    DEPUTY

                                    1

1 | **1) Place of Detention:** At the time of filing the initial petition, petitioner is
2 | detained Immigration and Customs Enforcement (ICE) at the Theo Lacy Facility in
3 | Orange County, California.

4 | **2) Name and Location of Court which imposed Removal Order:** Executive Office
5 | of Immigration Review, Los Angeles, California.

6 | **3) The Immigration Case Number:** DHS (Department of Homeland Security) A -
7 | 042620353.

8 | **4) The date upon which Removal Order was imposed:** The petitioner was
9 | ordered removed by an Immigration Judged on October 19, 2017.

10 | **5) Check whether a finding of guilty was made:** Not Applicable.

11 | **6) If you were found guilty after a plea of Not Guilty, check whether that finding**
12 | **was made by a jury or a judge sitting without a jury:** Not Applicable.

13 | **7) Did you appeal the Removal?** No.

14 | **8) If you did appeal, give the following for the appeal:** Not Applicable.

15 | **9) State Concisely every ground on which you claim you are being held**
16 | **unlawfully. Summarize briefly, the facts supporting each ground.**

17 | <u>**Ground One**</u>: Continued detention in this matter violates section 1231 and
18 | constitutional due process. In <u>Zadvyas v. Davis, 533 U.S 678(2001)</u>, the Supreme
19 | Court held that 8 U.S.C§1231(a)(2) does not authorize indefinite detention.
20 | Rather, detention is only permitted for the purposes of effectuating removal. (See
21 | id at 699-701). Thus, an alien's removal from the United States for the purpose of
22 | practicality, the Supreme Court recognized a "Presumptively reasonable period of
23 | detention" of six months. (See <u>Id</u> at 701). Then,

24 | **[A]fter this 6-month period, once the alien provides good reason to believe that**
25 | **there is no significant likelihood of removal in the reasonably foreseeable**
26 | **future, the Government must respond with evidence sufficient to rebut the**
27 | **showing. And for detention to remain reasonably, as the period of prior post**
28 | **removal confinement grows, what counts as the "reasonably foreseeable**
29 | **future" conversely would have shrinks. Id.**

1  **Supporting Facts:** ICE has detained petitioner beyond the presumptively
2  reasonably six-month period without providing any meaningful custody review to
3  determine whether continued detentions is warrant because the petitioner pose
4  a danger or flight risk. Respondents failed to produce individualized evidence that
5  petitioner's removal is reasonably foreseeably. ICE continued detention of
6  petitioner only violates section 1231 and due process. Petitioner received a final
7  order of removal on October 19, 2017, a period of over six months. Further
8  detention is only justified if there is significant likelihood of removal in the
9  reasonable foreseeable future. The petitioner's removal is particularly unlikely

10 because he entered the United States prior to July 12, 1995, and thus is **not**
11 covered by the Repatriation Agreement between the United States and Vietnam
12 (See Exhibit A [2²]). The Repatriation Agreement has not been rescinded or
13 modified by either country. Wherefore, as each day passes, the "reasonably
14 foreseeable" future shrinks considerably.

15 **10) Have you file previous petitions of Habeas Corpus, Motion under Section**
16 **2255 of Title 28, Unites States Code, or any other application, petitions or**
17 **motions with respect to the Removal Order?** No.

18 **11)If you answer question No. 10 was yes, give the following information:** Not
19 applicable.

20 **12) Do you have any petition, appeal of parole matter pending in court, either**
21 **state of federal, as to Removal Order under attack?** No.

22 **13) Are you presently represented by counsel?** No.

23 **14) If you are seeking leave to proceed in forma pauperis, have you completed**
24 **the declaration setting for the required information?** Not Applicable.

25

26

27 2²The Agreement is available on the State Department's Website at
28 https://www.state.gov/documents/organization/108921.pdf.

29

1  Wherefore, petitioner prays that the Court hold an evidentiary hearing and grant

2  petitioner relief which he may be entitled in this proceeding.

3  I declare under penalty of perjury that the foregoing is true and correct to the

4  best of my knowledge.

22  By: _____          Date: <u>April 18, 2018</u>

23  Son Hoang Nguyen, In Pro Per

1                    **MEMORANDUM OF POINTS AND AUTHORITY**

2                              **I.      BACKGROUND**

3       Son Hoang Nguyen, a citizen of Vietnam, has been in post-removal order

4   detention for over six months, since October 19, 2017. The sheer length of his

5   detention suggests that there is no reason to believe that ICE will be able to

6   remove him in the reasonably foreseeable future. The United States Supreme

7   Court has accordingly construed section 1231 (a)(6) as authority post-final order

8   detention only for a "period reasonably necessary to secure removal," a period

9   that the Court determined to be presumptively six months. Id at 699-701. After

10  this six-month period, if a detainee provides "good reason" to believe that his or

11  her removal is not significantly likely in the reasonably foreseeable future, "the

12  government must respond with evidence sufficient to rebut that showing." Id at

13  701. If the government cannot do so, the individual must be released. ICE

14  continued detention of petitioner only violates section 1231 and due process.

15  Wherefore, this Court should grant this Habeas Corpus and order that the

16  petitioner be released on appropriate conditions.

17                             **II.      ANALYSIS**

18  **The petitioner must be released because there is no good reason to believe**

19  **the petitioner will be deported in the reasonable foreseeable future. He**

20  **poses no danger to society nor is he a flight risk.**

21  In Zadvydas v. Davis, 533 U.S 678(2001), the United States Supreme Court

22  confronted the question whether the Immigration and Nationality Act allowed the

23  INS to detain alien indefinitely while it sought to have them removed. Title 8,

24  U.S.C§1231(a)(1) provides that the INS shall remove an alien within 90 days of his

25  removal order; 8 U.S.C§1231(a)(2) provides that the Attorney General shall detain

26  the alien during the removal period. 8 U.S.C§1231(a)(3) provides that certain

27  aliens may be detained even after the 90-day period. In Zadvydas, the Supreme

28  Court interpreted these statutes against the backdrop of the requirements of Due

29  Process Clause of the Fifth Amendment to the United States Constitution and held

30  that the statute does not authorize indefinite detention. Id. at 688-692. Rather,

31  detention is only permitted for the purposes of effectuation removal (See id. at

1   699-701). Thus, an alien may only be detained for a period reasonable necessary

2   to bring about the alien's removal from the United States.

3   For the purpose of practicality, the Supreme Court recognized a "presumptively

4   reasonably period of detention" of six months. (See id. 700). Then,

5   **[A]fter this 6-month period, once the alien provides good reason to believe that**

6   **there is no significant likelihood of removal in the reasonably foreseeable**

7   **future, the Government must respond with evidence sufficient to rebut the**

8   **showing. And for detention to remain reasonably, as the period of prior post**

9   **removal confinement grows, what counts as the "reasonably foreseeable**

10  **future" conversely would have shrinks. Id.**

11      ICE has detained petitioner beyond the presumptively reasonably six-

12  month period. Under 8 U.S.C§1231(a)(1)(B), the six-month period began when his

13  removal order became final on October 19, 2017. (Exhibit B)

14      ICE baselessly claims that Vietnam has not denied the issuance of a travel

15  document without substantiated this claim with any official document

16  memorializing Vietnam's alleged change in policy. The Vietnamese government's

17  conduct does not signal any meaningful departure from its categorical refusal to

18  repatriate Vietnamese detainees who came to the United States prior to July 12,

19  1995. Nevertheless, Vietnam will not accept the deportation of any individual

20  without an interview by the Vietnamese Consulate and therefore petitioner is **not**

21  being considered for repatriation.

22      ICE lacks any particularized evidence that Vietnam will accept petitioner's

23  repatriation. Despite this lack of proof, ICE has continued detaining petitioner

24  past 180 days without an individual hearing before a neutral party to assess

25  whether detention is warranted due to danger or flight risk.

26      To the extent that ICE has been conducting any 180-day post order custody

27  reviews for petitioner, they have been perfunctory, resulting in boiler plate

28  decision that merely rubberstamp continued detention.

29      There is good reason to believe that there is no significant likelihood of

30  removal in the foreseeable future. In the over six-month of the petitioner's post

1 | removal detention, ICE has provide no reason to believe there has been any
2 | progress towards obtaining a travel document for Mr. Nguyen. Because there is
3 | no evidence that respondents' removal is imminent, petitioner asks the Court to
4 | order Respondents to release the petitioner on reasonable condition of release.

5 | **In the Alternative, even if removal is reasonably foreseeable, Mr. Nguyen**
6 | **should be released on conditions because preventive detention is not**
7 | **warranted in this case.**

8 | Furthermore, regardless of whether this court finds the petitioner removal
9 | is reasonably foreseeable, he should be released on conditions. The Supreme
10 | Court upheld preventive detention for the protection of the community " only
11 | when limited to special dangerous individuals and subject to strong procedural
12 | protection." See Zadvydas, 533 U.S at 690-91) (Citing Kansas Vs. Hendricks, 521
13 | U.S 346(1997) and the United States v. Salerno 481, U.S 739 (1987). Thus, even if
14 | respondents could meet the burdens of showing the petitioner's removal will
15 | occur in the foreseeable future, he should nevertheless be released on conditions
16 | pending his removal because he is not a "specially dangerous " individual. Though
17 | petitioner's conviction sent him to State Prison the State of California has
18 | determined he is not a danger to society. The California's Board of Parole
19 | Hearings found him suitable for parole. Cal. Code Regs. Title 15§2402(a). The
20 | California' s Governor, Jerry Brown, also confirmed this decision. (Exhibit C).

21 | Under DHS's current regulatory scheme, the burden on the alien to show
22 | that he is not dangerous. See 8 CFR§241.4(d)(1). When extended past the
23 | statutorily authorized 90-day removal period, this regulatory scheme violates the
24 | petitioner's liberty interest by imposing preventive detention without the
25 | constitutionally requisite showing. See Zadvydas, 533 U.S at 690-91; See also
26 | Hendricks, 521, U.S at 368 (upholding scheme that imposes detention upon "a
27 | small segment of particularly dangerous individual' and provides strict procedural
28 | safeguards". Salerno, 481 U.S at 745, 75-52 (in upholding pretrial detention is
29 | reserved for the "most serious of crimes." The requirement of proof of
30 | dangerousness by clear and convincing evidence, and the presence of judicial
31 | safeguards.)

1    Therefore, this Court should order respondents to release the petitioner
2   even if it finds petitioner's removal is significantly likely in the reasonably
3   foreseeable future. The respondents cannot justify the reasonableness of
4   continued detention on the basis of his risk of the committing further crimes
5   pursuant to the standard s set out in <u>Hendricks</u> and <u>Salerno</u>.

6                    **III.    CONCLUSION**

7    For the foregoing reasons, the petitioner respectfully requests this Court
8   grant his Habeas Corpus and that he be released under reasonable conditions of
9   supervision. Alternatively, the petitioner requests that the Court set a hearing in
10  this matter and require respondents to produce the petitioner for the hearing.

22   Respectfully Submitted:                Date: April 18, 2018

26   Son Hoang Nguyen, In Pro Per

# EXHIBIT A

1

# AGREEMENT

## BETWEEN

### THE GOVERNMENT OF THE UNITED STATES OF AMERICA

### AND

### THE GOVERNMENT OF THE SOCIALIST REPUBLIC OF VIETNAM

### ON

### THE ACCEPTANCE OF THE RETURN OF VIETNAMESE CITIZENS

The Government of the United States of America (hereinafter called "the U.S. Government") and the Government of the Socialist Republic of Vietnam (hereinafter called "the Vietnamese Government"),

With a wish of developing friendly relations between the two countries, and to establish procedures for competent authorities of both countries on the prompt and orderly acceptance of Vietnamese citizens who have been ordered removed by the U.S. Government,

In order to establish common procedures for the relevant authorities based on the legal principles of each country and the international responsibility to accept the return of repatriated citizens; and to follow recognized principles of international law, to allow for a case-by-case determination of repatriation, and to recognize the right of the receiving country to determine nationality,

Have agreed to the following:

## Article 1
## General Provisions

1. The U.S. Government will carry out the repatriation of Vietnamese citizens who violated U.S. law in accordance with U.S. and international law and the provisions of this Agreement. The repatriation should take into account the humanitarian aspect, family unity and circumstances of each person in each individual case.

2. The Vietnamese Government may consider the return of its citizens who violated U.S. law based on the consideration of legal procedures and the

status and circumstances of each individual case. The subject individuals and the acceptance procedure will be based on the terms of this Agreement.

3. Repatriation will be carried out in an orderly and safe way, and with respect for the individual human dignity of the person repatriated. The U.S. Government will allow Vietnamese citizens who have been ordered removed a reasonable time to arrange their personal affairs before returning them to Vietnam.

4. Persons repatriated under this Agreement have the right to transfer their legal money and personal property to Vietnam.

5. The U.S. Government will pay for the cost of returning to Vietnam persons repatriated under this Agreement, as provided in Article 5 and Annex 1. The U.S. Government will also pay for the cost of returning to the United States any person who was mistakenly repatriated, in accordance with Article 3 of this Agreement.

## Article 2
## Removable Persons and Conditions of Acceptance

1. The Vietnamese Government will accept the return of Vietnamese citizens in accordance with Article 1 and item 2 of Article 2 of this Agreement, if upon investigation the individual meets the following requirements:

(a) The individual is a citizen of Vietnam and is not a citizen of the United States or of any other country;

(b) The individual previously resided in Vietnam and has no current residence in a third country;

(c) The individual has violated U.S. laws and has been ordered by competent authority removed from the United States; and

(d) If the individual has been convicted of a criminal offense (including immigration violation), the person will have completed any imprisonment before removal, and any reduction in sentence will have been ordered by competent authority.

2. Vietnamese citizens are not subject to return to Vietnam under this Agreement if they arrived in the United States before July 12, 1995, the date on which diplomatic relations were re-established between the U.S.

Government and the Vietnamese Government. The U.S. Government and the Vietnamese Government maintain their respective legal positions relative to Vietnamese citizens who departed Vietnam for the United States prior to that date.

3. In the case of a citizen of Vietnam who immigrated to the United States from a third country where that person had a permanent residence and who has been ordered removed from the United States, the U.S. Government will seek to return that person to the third country or consider allowing that person to stay in the United States, before requesting removal to Vietnam.

4. In any case where the Vietnamese Government obtains information relevant to the repatriation of an individual that was not previously considered by the U.S. Government, the Vietnamese Government may request a humanitarian reconsideration based on the specific circumstances of the repatriated person in accordance with United States law.

## Article 3
### Return of Persons Repatriated in Error

Upon notice by the Vietnamese Government that a person returned to Vietnam by the U.S. Government does not meet all criteria mentioned in Article 2 of this Agreement, the U.S. Government should promptly receive the return of that person to the United States without any special procedure.

## Article 4
### Acceptance Procedures

1. When the U.S. Government believes that a removable person is a citizen of Vietnam and meets all criteria within Article 2 of this Agreement, the U.S. Department of Homeland Security, on behalf of the U.S. Government, will request appropriate travel documents from the Vietnamese Government and will forward the appropriate files to that Government. Such files will include three sets of documents, the original and two copies. The original and one copy shall be forwarded to the Vietnamese Ministry of Public Security (Immigration Department) by the U.S. Embassy in Vietnam, and the other copy will be sent to the Vietnamese Ministry of Foreign Affairs (Consular Department).

Each file will contain a diplomatic note which requests that the Vietnamese Government accept the returnee, the name of the person the U.S. Government believes should be repatriated to Vietnam, the appropriate forms completed by such person (an example of which is provided in Annex 2 of

this Agreement), a copy of the order of removal, and other documents regarding the person's biography, citizenship, criminal history, sentence imposed, and decision of amnesty or reduction of criminal sentence. The order of removal will be translated into Vietnamese on the standard form, and the criminal history will include a National Crime Information Center (NCIC) record in English accompanied by a code key translated into Vietnamese. All documents and translations will be certified by the competent U.S. authorities.

2. Upon request by the Vietnamese Government, the U.S. Government will arrange and facilitate the interview of persons who fall within Article 2(1) of this Agreement by Vietnamese immigration officials to determine information regarding the Vietnamese citizenship, biographical data, and last place of residence of such persons. The U.S. Department of Homeland Security will arrange a venue for those interviews. The U.S. Government also will facilitate interviews by U.S.-based consular officers of the Vietnamese Government of deportable persons whom the U.S. believes to be Vietnamese citizens.

3. The Vietnamese Government will provide a prompt response to the U.S. Government on cases referred under this Article after the Vietnamese verification is made. If it is determined that a person whose name and file has been provided to the Vietnamese Government in accordance with this Article meets the requirements of Article 2, the Ministry of Public Security of the Vietnamese Government will issue a travel document authorizing that person's return to Vietnam, and will provide written notification to the U.S. Embassy in Vietnam.

4. When the Vietnamese Government has issued a travel document under this Agreement, the U.S. Government will provide at least fifteen (15) days notice of the flight and travel arrangements by which the person will be returned to Vietnam. The U.S. Embassy in Vietnam will inform the Ministry of Public Security (Immigration Department) and the Ministry of Foreign Affairs (Consular Department) of the date and number of the flight, the time of arrival, the port of entry (Noi Bai Airport in Hanoi or Tan Son Nhat Airport in Ho Chi Minh City), and the details regarding any U.S. officers escorting the person to be returned (such as names, dates of birth, passport numbers, estimated times of stay in Vietnam, etc), and allow the Vietnamese side to confirm receipt of the returnees.

When a person under medical treatment is returned to Vietnam under this Agreement, the escorting U.S. officers will provide a copy of the person's health record to the receiving Vietnamese officials at the port of entry. The

escorting and receiving officers will sign a joint report verifying the person's repatriation.

### Article 5
### Expenses

1. The U.S. Government will pay for the cost of transporting Vietnamese citizens to Vietnam under this Agreement.

2. The U.S. Government will pay for the costs of receiving repatriated persons including: verifying fee, the receipt at the airport and transportation of the persons from airport to the place of residences in accordance with the enclosed Annex 1.

3. The U.S. Government will pay for the cost of arranging interviews by relevant Vietnamese officials of persons whom the U.S. Government believes to be Vietnamese citizens and subject to repatriation under this Agreement.

4. The U.S. Government will pay for the cost of returning to the United States persons who were repatriated in error, as provided in Article 3 of this Agreement.

### Article 6
### Entry into Force and Duration

1. This Agreement will enter into force sixty (60) days from the date of signature by both Governments.

2. Upon entry into force, this Agreement will be valid for five years. The Agreement will be extended automatically for terms of three years thereafter unless written notice not to extend is given by one Government to the other at least six months prior to the expiration date of the Agreement.

### Article 7
### Amendment and Supplementation

This Agreement may be amended or supplemented by written agreement of the Vietnamese Government and the U.S. Government through appropriate diplomatic channels.

## Article 8
## Resolution of Disputes

Any disputes regarding the interpretation and implementation of this Agreement will be resolved through appropriate diplomatic channels.

## Article 9
## Suspension or Termination

This Agreement may be suspended or terminated by either Government. Such suspension or termination of this Agreement will come into effect after thirty days (30) from the date one Government receives the written notification from the other Government of its intention to suspend or terminate.

Done at Hanoi, on 22 January 2008 in duplicate in the English and Vietnamese languages, both texts being equally authentic.

| FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA | FOR THE GOVERNMENT OF THE SOCIALIST REPUBLIC OF VIETNAM |
|---|---|
| *Julie Myers* | |

# EXHIBIT B

IMMIGRATION COURT
300 NO LOS ANGELES ST, RM 4330
LOS ANGELES, CA 90012

In the Matter of

Case No.: A042-620-353

NGUYEN, THANH SON HOANG
Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on OCT 19, 2017.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[ ] The respondent was ordered removed from the United States to Vietnam.
    or in the alternative to .
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to  or in the
    alternative to .
[ ] Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to .
Respondent's application for:
[ ] Asylum was ( )granted  ( )denied( )withdrawn.
[ ] Withholding of removal was ( )granted ( )denied  ( )withdrawn.
[ ] A Waiver under Section _____ was ( )granted ( )denied ( )withdrawn.
[ ] Cancellation of removal under section 240A(a) was ( )granted ( )denied
    ( )withdrawn.
Respondent's application for:
[ ] Cancellation under section 240A(b)(1) was ( ) granted  ( ) denied
    ( ) withdrawn.  If granted, it is ordered that the respondent be issued
    all appropriate documents necessary to give effect to this order.
[ ] Cancellation under section 240A(b) (2) was ( )granted ( )denied
    ( )withdrawn.  If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ] Adjustment of Status under Section _____ was ( )granted ( )denied
    ( )withdrawn.  If granted it is ordered that the respondent be issued
        all appropriated documents necessary to give effect to this order.
[ ] Respondent's application of ( ) withholding of removal  ( ) deferral of
    removal under Article III of the Convention Against Torture was
    ( ) granted ( ) denied ( ) withdrawn.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____
Date: OCT 19, 2017

JACINTO PALOMINO
Immigration Judge

Appeal: Waived/Reserved    Appeal Due By:

# EXHITBIT C



# BOARD OF PAROLE HEARINGS
## Release Memo - Release to Parole

## INMATE INFORMATION

| | | | |
|---|---|---|---|
| NAME: | NGUYEN, SON,HOANG | CDC#: | P07044 |
| LOCATION: | Folsom State Prison | DOB: | 09/23/1978 |
| SENTENCE TYPE: | ISL | LATEST ADMISSION DATE: 08/07/1998 | |
| ELIGIBILITY DATES | MEPD: 06/18/2017 | EPRD: | |
| | YPED: 06/12/2020 | EPED: 09/23/2038 SPED: | |

RELEASE FROM LIFE-TERM: IMMEDIATELY

REGISTRATION REQUIREMENTS    Arson ☐    Gang ☐    Narcotic ☐    Sex ☐

## SUMMARY

On February 8, 2017, Son Nguyen (P-07044) was granted parole under Penal Code section 3040, et seq. Mr. Nguyen is a qualified youth offender under Penal Code section 3051. At the time of the grant, Mr. Nguyen had a future minimum eligible parole date (MEPD) of February 11, 2018. The Board of Parole Hearings and the Governor reviewed the panel's decision, but declined to take further action in the case. Subsequently, Mr. Nguyen earned additional in-prison credits, which changed his MEPD to June 18, 2017.

Penal Code section 3041(a)(4) provides that an inmate who qualifies as a youth offender and is granted parole is eligible for release upon reaching his or her MEPD or YPED, whichever comes first. Mr. Nguyen met his MEPD on June 18, 2017; therefore, Mr. Nguyen is immediately eligible for parole.

MR. NGUYEN HAS AN ACTIVE ICE HOLD AND MAY BE DEPORTED. If he is not deported, the Board of Parole Hearings imposes and recommends the following special conditions of parole.

## BOARD IMPOSED SPECIAL CONDITIONS OF PAROLE

The following special conditions of parole are imposed by the Board of Parole Hearings:

- Do not actively participate in, promote, further, or assist in any prison gang, disruptive group or criminal street gang activity, as enumerated in Penal Code section 186.22, subdivision (e)(1)-(33), nor violate any gang abatement, injunction, ordinance, or court order. He will not associate with any prison gang, disruptive group, or criminal street gang members known by him, or that he should have known to be such, without prior written approval from his parole agent, nor wear or carry on his person gang colors or any sign, symbol, or paraphernalia known by him, or that he should have known, to be associated with gang activity.
- Do not contact or communicate with the family of the deceased victim: Tong Van Nguyen.

## BOARD RECOMMENDED SPECIAL CONDITIONS OF PAROLE

The Board of Parole Hearings further recommends the following special conditions of parole:

- Participate in a transitional housing program for a minimum of six months.
- Do not contact or communicate with your alleged crime partners: Tien Ha and Dung Pham.
- Parole to a county other than his county of last legal residence to better facilitate his successful transition into the community.
- Promptly report to the nearest parole office.





**BOARD OF PAROLE HEARINGS**
Release Memo - Release to Parole

| PREPARED BY | ISSUED BY |
|---|---|
| MINA CHOI | HEATHER MCCRAY |
| Staff Attorney | Chief Counsel (A) |
| DATE : 08/18/2017 | DATE : 08/21/2017 |

IAA Signature                        8/23/17
                                     Date

CCI Signature                        8/23/17
                                     Date

Nguyen, Son Hoang, A# 042-620-353
Theo Lacy Facility, BK# 3012 824
501 The City Drive South
Orange, CA 92868





RECEIVED
CLERK, U.S. DISTRICT COURT

APR 2 0 2018

CENTRAL DISTRICT OF
BY

Legal Mail
Confidential

To: United States District Court
Central District, Western Division
312 North Spring Street # G-8
Los Angeles, CA 90012

THEO LACY FACILITY
INMATE MAIL

Johns
#100903
Legal Mail Cook 04/18/18