UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SON HOANG NGUYEN, | Case No. 8:18-cv-00706 PA (ADS) |
| Petitioner, | |
| v. | ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE |
| THOMAS HOMAN, et al., | |
| Respondents. | |

## I. **PROCEDURAL BACKGROUND**

On April 25, 2018, petitioner Son Hoang Nguyen ("Petitioner"), who is proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person In Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). [Dkt. No. 1]. The Petition alleges that Petitioner, a citizen of Vietnam, has been in the custody of the United States Immigration and Customs Enforcement ("ICE") under a removal order which became final on October 19, 2017, and that his prolonged and indefinite detention is in violation of 8 U.S.C. § 1231. [Dkt. No. 1, pp. 1-3]. In support of his arguments, Petitioner cites

Zadvydas v. Davis, 533 U.S. 678 (2001) (finding six months to be presumptively reasonable period after entry of removal order during which ICE may detain aliens to effectuate their removal). [Id., p. 2].

On June 15, 2018, this action was transferred to the calendar of the undersigned Magistrate Judge by order of the Chief Magistrate Judge (the "Reassignment Order"). [Dkt. No. 7]. On June 21, 2018, Respondents filed a Notice That Petitioner Has Been Released From Custody and Suggestion of Mootness ("Notice of Release"). [Dkt. No. 8]. Respondents provided evidence that, on or about May 15, 2018, Petitioner was released from ICE custody on an order of supervision. Respondents argue that as a result, the Petition should be denied and the case dismissed as moot. [Dkt. No. 8, pp. 2-6].

On July 3, 2018, the Petitioner's notice copy of the Reassignment Order was returned to the Court as undeliverable, which tends to corroborate the fact that Petitioner has been released. [Dkt. No. 9]. On October 15, 2018, the Court issued an order requiring Petitioner's response to Respondents' Notice of Release ("Order Requiring Petitioner's Response"). [Dkt. No. 11]. The Order Requiring Petitioner's Response directed Petitioner to respond by no later than October 29, 2018. On October 29, 2018, the Petitioner's notice copy of the Order Requiring Petitioner's Response was returned to the Court as "unable to forward." [Dkt. No. 12, p. 1]. The deadline for responding to the Order's Requiring Response has passed and Petitioner has not responded.

**II.   DISCUSSION**

Summary dismissal of the Petition is warranted in this case because the Petitioner has failed to comply with Court orders, the Local Rules, and it appears the Petition is moot. Local Rule 72-3.2 states, "[I]f it plainly appears from the face of the

petition that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

### A. **<u>Dismissal For Failure to Comply With Local Rule 41-6</u>**

Dismissal of the Petition is appropriate for failure to comply with Local Rules and keep the Court apprised of Petitioner's current address. Central District Local Rule 41-6 requires pro se plaintiffs to keep the Court apprised of their current address or risk dismissal of their action. Specifically, Local Rule 41-6 provides as follows:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a local rule, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006); Gibbs v. Hedgpeth, 389 F. App'x 671, 673 (9th Cir. 2010) (applying five factors in habeas proceeding). The test is not "mechanical", but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Petitioner's action based on his failure to provide the Court a current address in compliance with Local Rule 41-6. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is because noncompliance with the rules caused the action to come to a complete halt.

The second factor—the Court's need to manage its docket—also supports dismissal. The Ninth Circuit has noted that the "legitimate and solitary" objective of provisions such as Local Rule 41-6 is "to give pro se litigants an incentive to inform the court of any change of address to allow for the orderly processing of the lawsuit." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to provide an updated address undermines this objective.

The third factor—prejudice to Respondents—weighs in favor of dismissal. This case has been pending for months without action by Petitioner, and Petitioner has not received the Court's Order Requiring Petitioner's Response due to his failure to provide an updated address. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (internal citation omitted).

The fourth factor—availability of less drastic sanctions—also favors dismissal. Local Rule 41-6 by itself requires Petitioner to keep the Court notified of a current address. After the Court learned of Petitioner's potential release from custody pursuant to an order of supervision from the Respondents, the Court issued an order affirmatively requiring Petitioner to file a response to the Notice of Release by no later than October 29, 2018, stating whether he concedes or disputes that this case is moot. [Dkt. No. 11]. Plaintiff was expressly cautioned that "[f]ailure to timely comply with this Order may be construed as consent to the denial of the Petition and dismissal of this case as moot." [Id., p. 1]. The Postal Service returned that Order as undeliverable. [Dkt. No. 12]. The Court therefore has no viable means of contacting Petitioner to determine the reasons for his non-compliance in order to impose some lesser sanction. See Carey, 856 F.2d at 1441.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The impact of that factor is mitigated here, however, by the likelihood that Petitioner's release from custody rendered his claim moot, as discussed below.

Here, four of the five enumerated factors support dismissal for failure to comply with Local Rule 41-6.

**B.** **Dismissal Due to Mootness**

Dismissal is warranted because the Petition is moot. Respondents represent that on or about May 15, 2018, ICE released Petitioner from immigration custody on an order of supervision. [Dkt. No. 8, p. 2]. Accordingly, Respondents contend that Petitioner's requested relief—that he be released from custody—has been granted.

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); see also United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007) (citations omitted). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit of some actual injury that is likely to be "redressed by a favorable judicial decision." Spencer v. Kemma, 523 U.S. 1, 7 (1998). When a court cannot give any effectual relief in favor of the petitioner because of events that occur after a case is initiated, the proceeding becomes moot. Calderon v. Moore, 518 U.S. 149, 150 (1996). Consequently, habeas petitions that raise "claims that were fully resolved by release from custody" are moot. Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007). Because mootness is a jurisdictional bar, moot petitions should be dismissed.

Here, Petitioner's requested habeas relief is that "he be released under reasonable conditions of supervision." [Dkt. No. 1, p. 8]. Since Petitioner has been released from custody on an order of supervision and therefore received all the relief that he requested, there is no further relief this Court can provide in this action. See Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."). Petitioner has not responded to the Court's Order Requiring Petitioner's Response, and has not asserted any collateral consequences that are redressable by success on his Petition, and as such, the Petition's dismissal is appropriate. See Spencer, 523 U.S. at 7 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended

incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").

There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." <u>Spencer</u>, 523 U.S. at 17. However, this exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow for full litigation before it ends, and (2) there is a reasonable expectation that the petitioner will be subjected to the challenged action again. <u>Id.</u>; <u>Alaska Ctr. For Env't v. U.S. Forest Serv.</u>, 189 F.3d 851, 854-55 (9th Cir. 1999). Petitioner has "the burden of showing there is a reasonable expectation that [he] will once again be subjected to the challenged activity." <u>Lee v. Schmidt-Wenzel</u>, 766 F.2d 1387, 1390 (9th Cir. 1985) (citation omitted).

In this case, Petitioner has not alleged that there is a reasonable expectation that he will be subject to indefinite detention proceedings in the future, or that the time spent in ICE detention pending removal proceedings (or a proceeding to determine the appropriateness of release under conditions of supervision) will always be so short as to evade review. As such, no case or controversy exists at this time, and this action is moot. The Petition should be dismissed.

### III. CONCLUSION

Accordingly, IT IS ORDERED that the Petition is dismissed without prejudice. A separate judgment will be entered accordingly.

Dated: December 8, 2018       _____
                                              PERCY ANDERSON
                                              United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____

THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge